PROVIDED TO BAKER C.
ON 11/26/13
FOR MAILLING. ✗ DB

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**DORIAN ALEXANDER BROWN,**
   *Petitioner,*

V                 CASE NO: 16-2012-CF-008671-AXXX-MA

                           3:13-cv-1458-J-32 PDB

**WARDEN FREEMAN, WARDEN
BAKER CORRECTIONAL INSTITUTION,**
   *Respondent,*


**PETITION FOR A WRIT OF HABEAS CORPUS**

    **COMES NOW**, the Petitioner, **DORIAN ALEXANDER BROWN,** *pro se*, and pursuant to Title 28 USC Section 2241, and hereby petitions this Honorable Court to issue and / or grant a Writ of Habeas Corpus commanding the above named Respondent to produce the Petitioner before this Honorable Court, instanter, for the purpose of allowing this Honorable Court to inquire into the nature and cause of Petitioner's Detention and punishment at the hands of said Respondent. Petitioner claims hereby and herein that said Respondent has no lawful, legal, nor judicial authority to detain and punish Petitioner and is so doing in violation of the Fourth, Thirteenth, and Fourteenth Amendments of the United States Constitution, as well as in violation of the State laws of Florida and Federal Criminal Statutes. In support of this Petition the Petitioner sows and states the following:

## BASIS FOR INVOKING JURISDICTION

This court has jurisdiction to issue this WRIT OF HABEAS CORPUS under **Article 1 sec 13 and Article V. Sec 5 (b)** of the Florida const. and rule **1.630 (d) (5) of Fla. R. Civ. P. (2011) Rule 9.030(c) (3) of the Fla. R. App .P. (2011).** The writ of habeas corpus is the writ of inquiry and is issued to test the reasons or grounds of restraint and detention. **SEE QUARLES v. STATE, 56 So.2d 857(Fla.App.1 Dist 2011)** The petitioner herein contends that he is being unlawfully detained by the respondent in violation of his due process right under 14th Amendment of the United States Constitution, Florida Const and petitioner has no other effective way in fundamental fairness to test the legality of his said detention

## STATEMENT OF THE FACTS

1. The petitioner has exhausted all other remedies and due to the fact his sentence has been completed. This is the proper remedy to provide full and fair correctiveness. A writ of habeas corpus is petitioners last and "only alternative" for relief to challenge the petitioners detention and the constitutionality of his confinement for said claim due to the fact F.D.O.C. changed the *petitioners release date to 2014 because of F.D.O.C.s incorrect interpretation of the consecutive /concurrent box not being checked as a consecutive sentence in count one of both charging information* **16-2012-CF-005547-AXXX-MA** and **16-2012-CF-008671-AXXX-MA.** *By doing this the petitioner was denied the opportunity to challenge the error of the* **concurrent box** *not being checked on*

<u>*the sentence sheet but the sentence being written and orally pronounced in open court in a timely manner*</u>*The respondent violated the petitioners right to due process under Article 1 sec. 9 Fla.Const. and the 14th amendment of the United States Const.*

2. Petitioner is currently being held unlawfully captive and being punished by the Respondent at Baker Correctional Institution located at 20706 U.S. Highway 90 West, Sanderson, Florida 32087, as "**J49231**" This prison and said warden is operated under the auspices and authority of the Florida Department of Corrections (henceforth, **FDOC**).

3. Petitioner on 8/31/12 was arrested and charged with COUNT ONE (1) **Sale ,Manufacture, Deliver Cocaine Within 1000 Feet Of A Church F.S.§893.13(1)(E)I**

4. COUNT TWO (2) **Sale, Manufacture, And Deliver Cannabis Within 1000 Feet Of A Church Or Convenience Business. F.S.§ 893.13(1)(E)2 case #16-2012-CF-008671-AXXX-MA ON 12/6/12** both case # **16-2012-CF-005547-AXXX-MA** and case # **16-2012-CF-008671- AXXX-MA** were consolidated by the courts and assigned together on the courts calendar. Petitioner entered into a plea agreement on 1/4/13 with all 4 charges being on the courts docket at once and was sentenced to 13 months and 24 months probation with 116 days jail time credit. The count one sentence was to run concurrently with count two of 16-2012-CF-005547-AXXX-MA and count one and two of case 16-2012-CF-008671-AXXX-MA it was orally pronounced Both cases have a count one and a count two involved but it was clearly understood that the information in 16-2012-CF-005547-AXXX-MA

5. COUNT ONE (second separate information ) **Obtain Or Attempting To Obtain A Controlled Substance By Fraud 893.13 (7) (A) 9**

6. Count Two **Obtain Or Attempting To Obtain A Controlled Substance By Fraud 893.13 (7) (A) 9 CASE #16-2012-CF-005547-AXXX-MA** defendant was arrested on 6/04/12 and entered into a plea agreement on 1/04/2013 and was sentenced to 13 months and 24 months probation with 116 days jail time credit to F.D.O.C.

7. This is so written by the courts on the petitioners sentencing sheet for the **16-2012-CF-005547-AXXX-MA** and was orally pronounced in open court by the sentencing judge which petitioner was sentenced to on the courts calendar first However although the order is clearly stated as well as written on both the sentencing sheets and unambiguous in both cases that the two information's were to be run together at sentencing . The box has not been checked concurrently on count one of either sentencing sheets that in itself is not just a clerical error and not to be penalized to the petitioner by making petitioner second sentence consecutive to petitioner's first sentence. Baker Correctional Institutions classification notified petitioner of his new release date of 2014 meaning that F.D.O.C. took it upon its own accord to deviate from the courts order of running both sentences of the two charging information concurrently.

8. Petitioners sentencing sheet for **16-2012-CF-005547-AXXX-MA** conclusively demonstrate that the petitioners Obtain Or Attempting To Obtain A Controlled Substance By Fraud 893.13 (7) (A) 9 charge was to run concurrent with his second charge, **Sale, Manufacture, And Deliver Cannabis Within 1000 Feet Of A Church Or Convenience Business. F.S.§ 893.13(1)(E)2 16-2012-CF-005547-AXXX-MA** 13 month sentence and that the jail time credit was exactly the same in all counts even though the petitioner was arrested on a later date on case 16-2012-CF-008671-AXXX-MA making all four sentences to run evenly with the current 13 month prison sentence Petitioner understands and

4

acknowledges that F.D.O.C. will implement the greater sentence for him to do when two sentences are to be run concurrent and in this case none is greater and as of 10/10/2013 has been completed the respondent has no law reason to continue to detain the petitioner.

9. Petitioner **DORIAN ALEXANDER BROWN "J49231"** is a citizen of the United States of America and the State of Florida.

10. Respondent Warden Freeman is the warden of Baker Correctional Institution.

11. Respondent is in direct violation of Florida State statutes **944.17 (3) (a) and (5)**

## STATEMENT OF CLAIMS

**I.** The Respondent detains Petitioner in violation of the Fourth Amendment of the United States Constitution.

In short, the Fourth Amendment of the United States Constitution guarantees each American Citizen the Right to be free from illegal, unlawful, or unreasonable search and seizure by government agents, State or Federal. The Respondents seizure and repeated searches of Petitioner and his property are unreasonable.

The Respondent or classification did not fully read the court order nor did they fully read the second sentencing sheet and therefore has no pretense supported by law under or by which to further subject Petitioner to search and seizure and to keep petitioner unlawfully incarcerated.

**II.** Respondent detains, Petitioner and petitioner is subject to involuntary Servitude in violation of the Thirteenth Amendment of the United States Constitution.

The Thirteenth Amendment of the United States Constitution guarantees each citizen of America the right of freedom from enslavement and/or involuntary servitude unless one is or has been "duly" convicted of a crime. The petitioner has served his debt to society and is continually being denied his rights by the respondent. The Respondent, however, currently enslaves and subjects Petitioner

to involuntary Servitude by which he has no lawful grounds and should be made to prove and support his detention of petitioner

Consequently, the Respondent violates the Thirteenth Amendment of the U.S. Constitution and Petitioner's protection under this Amendment.

**III.** The Respondent detains Petitioner in violation of the Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment of the United States Constitution guarantees U.S. Citizens the right and or protection to not be deprived of his or her life liberty and property without due process of law. The Fourteenth Amendment of the United States Constitution, as interpreted by the U.S. Supreme Court guarantees that U.S. Citizens shall not be imprisoned and/or punished without an adjudication of guilt...by a Court of competent jurisdiction. The U.S. Supreme Court has also determined that State Statutes can create a liberty interest which is protected by the Due Process Clause of the Fourteenth Amendment. Petitioner alleges that the Respondent has and is currently violating the Fourteenth Amendment in all three of the fore mentioned ways: i.e., (1) detaining petitioner without "NO" present legal judicial authority writ or warrant; (2) punishing petitioner in its institution without an adjudication of guilt; (3) Detaining petitioner in its institution as an **"J49231"** inmate in blatant violation of sections 944.17 (3) (a) and (5) Florida Statutes.

# 1st ARGUMENT

The petitioner argues that he pled guilty to count one to a term of 13 months and 24 months probation with 116 days credit for time served. It was understood that the second charge would be run concurrently with petitioner's Count two which petitioner did enter into plea agreement at the same time with the same sentencing judge on 1/04/13 which petitioner pled guilty and was sentenced to serve a term of 13months prison and 24 months probation with 116 day jail time credit would end simultaneously on 10/10/13. Petitioner argues that he is not challenging his conviction and sentence and does not challenge jurisdiction petitioner argues that based on the sentencing sheet of both information that was issued by the court petitioner has completed his sentence and is being unlawfully detained by FDOC Petitioner's plea agreement was for second sentence to run concurrently with the first sentence. But on the petitioner's second sentencing sheet there is nothing checked next to concurrent or consecutive which D.O.C. perceives as being consecutive prison sentences but on the plea of guilty and negotiated sentence on the last line it is hand written that second sentence is to be run concurrently. The Writ of Habeas Corpus is supposed to be a fundamental guarantee and protection, for every American, of the right of liberty. It is supposed to be a Constitutional privilege of the highest order which may not be suspended unless certain conditions exist within the American Society. It is also an integral part of the democratic process, the most fundamental guarantee and protection of the most fundamental instrument of safe guarding individual freedom against arbitrary and lawless state action such as illegally detaining the petitioner without legal cause. The respondent is basing their constitutional ground on the language on the petitioners sentencing sheet and erroneous commitment papers

Petitioner is **NOT** challenging a State Judgment of Conviction due to the simple fact that a State Judgment of Conviction in this case is not the issue but petitioner is challenging the F.D.O.C. continued detention of the petitioner, after petitioner's sentence for both charges has been fulfilled. The respondent has miss interpreted the petitioners sentencing sheet and re-sentenced the petitioner Consequently, petitioner is entitled to file with this Honorable Court, a petition for a **Writ Of Habeas Corpus Pursuant To Title 28 USC Section 2241**, rather than section 2254, which is used exclusively for a State prisoner challenging a State Court Judgment of Conviction. **Medberry v. Crosby,** 351 F. 3d 1049 (11th Cir. 2003) ("If, however, a prisoner is in prison pursuant to something other than a Judgment of a State Court, e.g., a pretrial order, then his petition is not subject to section 2254.") (See also Noriega V Pastrana, 130 S. Ct. 1002, 1003 (U.S. 2010) Rasul v. Bush, 542 U.S. 466, 124 S.Ct. 2688 159 L.Ed.2d 548 (U S. 200 4).

The Respondent has unlawfully imprisoned Petitioner and punishes him on a daily basis without any of the prerequisites authorizing the Respondent to do so. As such, Petitioner has the right and/or privilege to petition this Honorable Court for a Writ of Habeas Corpus, pursuant to Title 28 USC 2241, requesting this Court to issue such a Writ to the Respondent, commanding that the Respondent show proof of its jurisdiction, authorization and lawful entitlement to so imprison, punish and subject petitioner to such search and seizure. This court will recognize the petitioner's issue being the legality of his detention not the legality of his sentence. Petitioner understands that a 3.800(a) through the sentencing court would have jurisdiction but that is only if it, when petitioner during his incarceration could have or should have known that D.O.C. would change his release date. Petitioner contends that the only issue being challenged is petitioners unlawful detention by the respondent and the facts surrounding his present illegal detention by the respondent, making a 3.800 (a) unavailable to him due to the fact petitioner should

have been released at this point Respondent violates petitioner's right to due process and this is a direct violation of fundamental fairness. Petitioner is in custody unlawfully.

## 2nd ARGUMENT
## THE SENTENCE WAS ORALLY PRONOUNCED IN OPEN COURT.

Written sentencing records are merely reflections of the proceedings and judgments and sentences pronounced in open court according to **Fl.R.Crim.P 3.700**, the Judges oral pronouncement supersedes any written order when he pronounces it in open court. The current written sentencing order omits the judge's pronouncement of concurrent sentences erroneously the transcript as well as the sentencing sheet portion reflected in his sentence conclusively demonstrate this.. SEE **Salyer v. State** 951 So.2d 68, 32 Fla. L. Weekly D667, (Fla.App. 5 Dist. 2007) where it states;

> *"David M. Salyer appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). While Mr. Salyer raises several issues, only one has merit, i.e., his assertion that in case no. 04-291, the written sentencing documents differ from the sentence orally pronounced in court. Having carefully reviewed the record, we agree. The sentence orally pronounced by the trial judge in case no. 04-291 did not include the three-year minimum mandatory term ordinarily applicable due to possession of a firearm. However, the sentencing documents, which imposed a thirty-seven month prison sentence, included the three-year minimum mandatory*
> Term.  *Oral pronouncements of sentence control over the written sentencing document State v. Jones, 753 So.2d 1276, 1277 n. 2 (Fla.2000). Accordingly, on remand, the three-year minimum mandatory term shall be stricken from the sentencing documents in case no. 04-291. Mr. Salyer need not be present for resentencing. In all other respects, the order*

*denying Mr. Salyer's motion to correct sentence is affirmed* Affirmed in part; reversed in part and remanded.

The trial court orally pronounced the Defendant's two year concurrent prison sentence. The written order does conform to the trial courts oral pronouncement (the oral pronouncement controls) but in the event that the written does not satisfy this court then the petitioner relies on the court to use the oral pronouncement from the date of sentencing .

*A court's written order of judgment and sentence must not vary from its oral pronouncement of judgment and sentence. Cf. > Gatti v. State, 324 So.2d 193 (Fla. 2d DCA 1975) (cause remanded where the written order of judgment and sentence exceeded the sentence imposed in open court)* **SEE.** **Patrick v. State** 413 So.2d 474, (Fla.App. 2 Dist. 1982)

The date of sentencing for **16-2012-CF-005547-AXXX-MA and 16-2012-CF-008671-AXXX-MA** dated 1/4/13 transcripts will conclusively show that the Judge sentenced the Defendant to 13 months with 24 months probation with the defendant receiving gain-time *ex-post facto to the oral pronouncing of the sentence*

Any response by the respondent should be require further factual development exploration of the totality of circumstances and respondent may attempt to mislead this court into reaching the merits in advance of necessary fact finding. Petitioner clearly challenges to constitutionality and confinement and restraint. Petitioner's claim is not a collateral attack on his judgment and sentence, and petitioner has no administrative remedies available to him.

## RELEIF REQUESTED

1. **WHEREFORE**, the Petitioner has satisfied the requirements by stating that he was denied due process and his rights were infringed upon by the respondent the petitioner was unable to file any legal documentation or any form of litigation to the court before his release date therefore resulting in the petitioner Petitioning this court for a Writ of Habeas Corpus Commanding the Respondent to produce the body of Petitioner before this Court Instanter, along with the evidence and /or proof of the legality of Respondents authorization to so detain Petitioner If the respondent can not **Show Just Cause** to the petitioner the petitioner request this court to order the respondent to **Release** the petitioner immediately as it violates his rights and the Florida State statutes 944.17 (3) (a) and (5).

Respectfully Submitted,

/s/ _____

**DORIAN ALEXANDER BROWN**
DC# J49231
Baker Correctional Institution
20706 U.S. Highway 90 West
Sanderson, FL 32087

## OATH

Under penalties of perjury, I **DORIAN ALEXANDER BROWN** declare that I have read the foregoing motion and that the facts stated in it are true.

                                        Respectfully Submitted,

/s/ _____

**DORIAN ALEXANDER BROWN**

DC# J49231

Baker Correctional Institution

20706 U.S. Highway 90 West

Sanderson, FL 32087

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished by placing this document into the hands of institution officials for mailing to: U.S. District Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202, Office of the Attorney General, The Capitol, PL-01, Tallahassee, FL 32399-1050, and the Secretary, Department of Corrections, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

This 21 day of NOVEMBER, 2013.

Respectfully Submitted,

/s/ _____

**DORIAN ALEXANDER BROWN**
DC# J49231
Baker Correctional Institution
20706 U.S. Highway 90 West
Sanderson, FL 32087